IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID DUSKA,  )
 )
       Plaintiff,  )
 )
  v.  )  Civil Action No. 16-217-E
 )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
       Defendant.  )

O R D E R

AND NOW, this 21st day of September, 2017, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred in his questioning of, and in his subsequent reliance on the testimony of, a vocational expert ("VE") to

1

determine that Plaintiff could perform jobs that exist in significant numbers in the national economy, based on the ALJ's residual functional capacity assessment ("RFC") which permitted Plaintiff to perform work at the light exertional capacity with additional limitations. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

According to the ALJ's RFC in this case, Plaintiff was capable of performing light work as defined in 20 C.F.R. § 404.1567(b), with additional limitations, including alternating periodically between sitting and standing as often as every hour; sitting for 4 hours per day and standing for 4 hours per day; no more than occasional pushing, pulling climbing, balancing, stooping, kneeling, crouching or crawling; no work in proximity to temperature extremes or excessive levels of wetness or humidity; limited to jobs involving no more than simple, routine, repetitive tasks performed in a low stress work environment; no more than occasional interaction with the public, co-workers, and supervisors; and no more than frequent use of both hands together. (R. 16-17).

As the ALJ explained in his decision, if Plaintiff had had the RFC to perform the full range of light work, a finding of "not disabled" would simply have been directed by Medical-Vocational Rule 202.10. (R. 21). However, because Plaintiff's "ability to perform all or substantially all of the requirements of this level of work was impeded by additional impairments," such rules ("the grids") operated merely as a framework, and the ALJ sought the advice of a VE to determine the effect that Plaintiff's additional limitations had on the work available to him. (R. 21). Thus, the ALJ posed a series of hypothetical questions to the VE, inquiring whether an individual with Plaintiff's age, education, work experience and RFC could perform jobs that exist in significant numbers in the national economy. (R. 21, 59-61). In response, the VE testified that such an individual could in fact perform the requirements of representative occupations such as laundry hand folder (21,100 jobs nationally), laundry linen sorter (16,880 jobs nationally), and remnant sorter (24,000 jobs nationally). (R. 21, 60). The ALJ subsequently concluded, based on this testimony, that Plaintiff "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy," and that a finding of "not disabled" was therefore appropriate. (R. 21).

The Court notes that if Plaintiff had been found to be capable of performing the full range of light work, he would have been deemed "not disabled" under the grids, and if he had been found to be capable of performing the full range of sedentary work, he would have been deemed "disabled" under the grids. Additionally, the 4 hour standing limit in the ALJ's RFC is less than the six hours necessary to perform the full range of light work, but is greater than the two hours necessary to perform a full range of sedentary work, and thus falls in the middle of the two levels of exertion. See Lackey v. Colvin, No. 12-516, 2013 WL 1903662, at *3 (W.D. Pa. May 7, 2013).

Plaintiff now contends that the ALJ erred in asking the VE about the availability of jobs that Plaintiff can perform in the national economy as described, supra. Further, Plaintiff requests that the Court remand the case so that the VE can instead provide additional testimony to address whether the ALJ's RFC "slightly" or "significantly" reduces Plaintiff's capacity to perform work

at the light level of exertion, and so that the "appropriate exertional range and corresponding Grid Rule may be chosen." (Doc. No. 11, at 9). The Court notes that the sources that Plaintiff relies upon to support his request for remand do not prove that the ALJ erred in deciding to seek guidance from the VE in this case. See SSR 83-12, 1983 WL 31253 (1983); SSA Program Operations Manual System (POMS) DI 25025.015. Rather, they simply provide that, in determining whether a claimant is disabled when his or her exertional capacity falls in the middle of two rules and the rules direct opposite conclusions (as in this case), the ALJ should consider whether the claimant's capacity is slightly or significantly reduced in order to determine which level of exertion to apply; or in situations where the individual's exertional limitations are "in the middle" in terms of the criteria for exertional ranges of work (in which case more difficult judgments are involved as to the sufficiency of the remaining occupational base), the assistance of a VE is advisable. See SSR 83-12; SSA POMS DI 25025.015. Quite simply, the regulations cited by Plaintiff clearly do not require in this case that the VE give specific testimony as to whether the claimant's capacity is "slightly" or "significantly" reduced, as he suggests. They do, however, provide that the ALJ should seek the advice of a VE regarding the remaining occupational base where difficult judgments are involved, which is precisely what the ALJ did here.

The Court thus finds that, because Plaintiff's limitations are indeed somewhere "in the middle" with regard to the exertional ranges of work available, the grids operated merely as a "framework," and it was entirely appropriate for the ALJ to seek the assistance of the VE, to clearly lay out Plaintiff's specific limitations before the VE, and to rely on the VE's testimony about the jobs available to such an individual in making the disability determination. See, e.g., Dick v. Colvin, No. 13-1308, 2014 WL 3530004, at *8 (W.D. Pa. July 15, 2014) (where claimant was found to be able to perform a limited range of light work because he was capable of standing/walking only 3 hours per day and had other non-exertional impairments, the grids were merely a "framework" as they did not compel a finding of "disabled" or "not disabled," and it was appropriate for the ALJ to rely on the VE to determine whether jobs existed in significant numbers in the national economy that claimant could perform); Lackey v. Colvin, 2013 WL 1903662, at *2 (where the ALJ determined that claimant could only stand/walk for 4 hours per day, and relied on VE testimony that jobs at the light exertional level exist for such an individual, the court was satisfied that the RFC finding that claimant could perform less than full range of light work was consistent with the regulations).

Therefore, the Court finds that the ALJ's hypothetical questions to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC. The ALJ accounted for the limitations supported by the record when he appropriately asked the VE to assume an individual of Plaintiff's age, education and work experience who is limited to light work, with such additional limitations. (R. 21, 59-60). Considering these limitations, the VE testified that such an individual would be able to perform the requirements of certain jobs which exist in significant numbers in the national economy, and the ALJ properly relied on the VE's testimony. (R. 21, 60). The Court thus concludes that the ALJ did not err in posing his hypothetical questions to the VE and in relying on the VE's responses to conclude that Plaintiff is not disabled. Additional testimony from the VE is not required in this case. Accordingly, the Court affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:   Counsel of record